## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ACCURIDE CORPORATION,<br>*et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-13449 (BLS)<br><br>Jointly Administered<br><br>Related Document No. 64 |

## ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

("Bar Date Order")

Upon consideration of the motion (the "**Motion**")[2] of the Debtors, for entry of an order establishing deadlines for filing Proofs of Claim against the Debtors in these Chapter 11 Cases and approving the form and manner of notice thereof; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given, with no objections or requests for hearing having been filed, or all objections having been overruled, as the case may be; and it appearing that no

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Accuride Corporation, a Delaware corporation (9077); Accuride Cuyahoga Falls, Inc., a Delaware corporation (9556); Accuride Distributing, LLC, a Delaware limited liability company (3124); Accuride EMI, LLC, a Delaware limited liability company (N/A); Accuride Erie L.P., a Delaware limited partnership (4862); Accuride Henderson Limited Liability Company, a Delaware limited liability company (8596); Accuride Texas, Inc., a Delaware corporation (8153); AKW General Partner L.L.C., a Delaware limited liability company (4861); AOT Inc., a Delaware corporation (3088); Bostrom Holdings, Inc., a Delaware corporation (9282); Bostrom Seating, Inc., a Delaware corporation (7179); Bostrom Specialty Seating, Inc., a Delaware corporation (4182); Brillion Iron Works, Inc., a Delaware corporation (6942); Erie Land Holding, Inc., a Delaware corporation (8018); Fabco Automotive Corporation, a Delaware corporation (9802); Gunite Corporation, a Delaware corporation (9803); Gunite EMI Corporation, a Delaware corporation (2516); Imperial Group Holding Corp. -1, a Delaware corporation (4007); Imperial Group Holding Corp. -2, a Delaware corporation (4009); Imperial Group, L.P., a Delaware limited partnership (4012); JAII Management Company, a Delaware corporation (N/A); Transportation Technologies Industries, Inc., a Delaware corporation (2791); and Truck Components Inc., a Delaware corporation (5407). The mailing address for Accuride Corporation is 7140 Office Circle, Evansville, Indiana 47715.

[2] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Motion is GRANTED.

2. Each person or entity, including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, trust or governmental unit, that holds or asserts a claim, as defined in Section 101(5) of the Bankruptcy Code, against any of the Debtors shall file a separate Proof of Claim in the bankruptcy case of each Debtor against whom a claim is asserted.

3. Except as otherwise provided herein, any person and entity (excluding any governmental unit), asserting a claim against the Debtors in the Chapter 11 Cases shall file a Proof of Claim so that it is received, as provided in paragraphs 7 and 8 below, by The Garden City Group, Inc. ("**GCG**") on or before 4:00 p.m. (prevailing Eastern Time) on November 30, 2009.

4. All governmental units (as defined in Section 101(27) of the Bankruptcy Code) asserting claims against one or more of the Debtors shall file Proofs of Claim so it is received, as provided in paragraphs 7 and 8 below, by GCG on or before April 6, 2010 at 4:00 p.m. (prevailing Eastern Time).

5. If, on or after the date on which the Debtors serve the Bar Date Notice, the Debtors amend or supplement their Schedules (a) to reduce the undisputed, noncontingent, and liquidated amount of a claim, (b) to change the nature or characterization of a claim, or (c) to add a new claim to the Schedules, the affected claimant shall file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim in accordance with the procedures described herein so that it is received, as provided in paragraphs 7 and 8 below,

2

by GCG on or before the later of (i) the General Bar Date or (ii) 20 days after the claimant is served with notice of the applicable amendment or supplement to the Schedules.

6. In the event a Debtor rejects executory contracts or unexpired leases pursuant to Section 365 of the Bankruptcy Code, Proofs of Claim in connection with Rejection Damages Claims shall be filed so that they are received, as provided in paragraphs 7 and 8 below, by GCG on or before the later of (a) the General Bar Date and (b) thirty (30) days after the effective date of such Court order.

7. Proofs of Claim must be sent by first-class mail to The Garden City Group, Inc., Attn: Accuride Claims Processing Center, P.O. Box 9521, Dublin, OH 43017-4821 or by overnight courier or hand-delivery to The Garden City Group, Inc., Attn: Accuride Claims Processing Center, 5151 Blazer Pkwy., Suite A, Dublin, OH 43017.

8. Proofs of Claim mailed or delivered to GCG will be deemed timely filed only if *actually received* by GCG on or before the bar date associated with such claim at the address listed in paragraph 7 above.

9. GCG shall not accept Proofs of Claim by facsimile, telecopy, e-mail or other electronic submission.

10. The following persons or entities are not required to file Proofs of Claim:

   a) any person or entity that has already properly filed a proof of claim against the correct Debtor(s) with either GCG or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

   b) any person or entity (i) whose claim is listed in the Schedules or any amendments thereto, *and* (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or characterization of its claim (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules) as set forth in the Schedules;

   c) professionals retained by the Debtors or the Committee pursuant to orders of this Court who assert administrative claims for fees and expenses

DB02:8764036.3

068746.1001

subject to this Court's approval pursuant to Sections 330, 331 and 503(b) of the Bankruptcy Code;

d) any person or entity that asserts an administrative expense claim against the Debtors pursuant to Section 503(b) of the Bankruptcy Code; *provided, however*, that, any person or entity that has a claim under Section 503(b)(9) of the Bankruptcy Code on account of prepetition goods received by the Debtors within twenty days of the Petition Date must file a Proof of Claim on or before the General Bar Date;

e) current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors, *provided, however*, that in the event a Lender Termination Event or Noteholder Termination Event[3] occurs, the Committee may send a notice to such officers and directors directing them to file a Proof of Claim relating to any claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors, Proofs of Claim in connection with such claims shall be filed so that they are received, as provided in paragraphs 7 and 8 above, by GCG on or before thirty (30) days after the mailing of such notice;

f) any Debtor asserting a claim against another Debtor;

g) any wholly-owned non-debtor subsidiary of a Debtor asserting a claim against a Debtor; and

h) any person or entity whose claim against the Debtors has been allowed by an order of this Court, entered on or before the Bar Dates;

i) any person or entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930; and

j) any person or entity holding the public debt securities of any Debtor, to the extent that the claims are based exclusively upon principal, interest and other applicable fees and charges arising under those public debt securities, provided that individual holders of public debt securities must file a proof of claim by the applicable Bar Date if they wish to assert a claim related to the public debt securities other than for principal, interest and other applicable fees and charges; *provided, however*, that this exclusion does not apply to the designated agent under any of such debt instruments, who must file a proof of claim on or before the applicable Bar

---

[3] "Lender Termination Event" shall have the meaning ascribed to such term in the Restructuring Support Agreement dated as of October 7, 2009, by and between the Debtors and certain of the lenders party to the Pre-Petition Credit Agreement, while "Noteholder Termination Event" shall have the meaning ascribed to such term in the Restructuring Support Agreement dated as of October 7, 2009, by and between the Debtors and each of the undersigned holders of Notes.

Date against any Debtor who is the primary obligor under such public debt securities, which will be deemed to apply with equal force against any Debtor who is a guarantor of such public debt securities without the need for the filing of a duplicate proof of claim against the guarantor.

11. Any Interest Holder, whose interest is based exclusively upon the ownership of common or preferred stock in a corporation, a general or limited partner interest in a partnership, or warrants or rights to purchase, sell, or subscribe to such a security or interest (collectively, an "Interest"), need not file a proof of interest on or before the General Bar Date; *provided, however*, that Interest Holders who wish to assert *claims* against the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance, or distribution of such Interest, must file Proofs of Claim on or before the General Bar Date, unless one of the exceptions contained in paragraph 10 above applies.

12. Any entity asserting claims against more than one Debtor must file a separate Proof of Claim with respect to each such Debtor on or before the applicable Bar Date. In addition, any entity filing a Proof of Claim must identify on its Proof of Claim the particular Debtor against which its claim is asserted.

13. Any person or entity that is required to file a timely Proof of Claim in the form and manner specified by this Order and who fails to do so on or before the bar date associated with such claim shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting on, or receiving distributions under, any chapter 11 plan or plans in these Chapter 11 Cases.

14. The Proof of Claim form, substantially in the form attached to the Motion as Exhibit B, and the Bar Date Notice, substantially in the form attached to the Motion as Exhibit C, are hereby approved in all respects.

5

15. The Bar Date Notice shall be deemed good, adequate, and sufficient notice of the relief granted by this Order to all known creditors of the Debtors if it is served, together with the Proof of Claim form, by being deposited in first-class U.S. mail, postage prepaid no later than five (5) days following entry of this Order, upon all known persons and entities holding potential claims against the Debtors.

16. The Debtors shall publish the Publication Notice, substantially in the form attached to the Motion as Exhibit D, in the national edition of *USA Today* at least once no later than twenty (20) days prior to the General Bar Date, which Publication Notice is hereby approved in all respects and which shall be deemed good, adequate, and sufficient notice of the Bar Dates by publication.

17. To provide due and proper notice of the Bar Dates to "street name" holders (the "**Street Name Holders**") of the Debtors' public debt securities and the Debtors' public equity securities, the Debtors shall provide nominee record holders, such as brokerage firms and clearing houses, that hold on behalf of Street Name Holders, with sufficient copies of the Bar Date Notice and Proof of Claim form (the "**Bar Date Package**") to enable these record holders to distribute a Bar Date Package to each and every Street Name Holder. The record holders shall distribute a Bar Date Package to the Street Name Holders within five (5) days after receiving the Bar Date Packages from the Debtors. October 8, 2009 shall serve as the record date for determining the holders of public securities entitled to notice according to these procedures (the "**Record Date**"). The Debtors shall not be required to provide actual notice to any holder of the Debtors' public debt securities or the Debtors' public equity securities if the holder obtained an interest in such public debt securities or public equity securities after the Record Date.

18. Nothing in this Order shall prejudice the right of the Debtors or any other party in interest herein to dispute, or to assert offsets or defenses to, any claim reflected in the Schedules as to amount, liability, characterization, or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated.

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

20. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: November 2, 2009
Wilmington, Delaware

Brendan L. Shannon
United States Bankruptcy Judge