IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> ACCURIDE CORPORATION, et al.[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 09-13449 (BLS) <br><br> Jointly Administered <br><br> Docket Ref. No. 59 |

**ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY ZOLFO COOPER, LLC AS RESTRUCTURING CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

("ZC Retention Order")

Upon consideration of the Debtors' Application (the "**Application**")[2] pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014 for an Order Authorizing the Debtors to Retain and Employ Zolfo Cooper, LLC ("**ZC**") as Restructuring Consultants to the Debtors *Nunc Pro Tunc* to the Petition Date; and having reviewed the Winn Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Application is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Accuride Corporation, a Delaware corporation (9077); Accuride Cuyahoga Falls, Inc., a Delaware corporation (9556); Accuride Distributing, LLC, a Delaware limited liability company (3124); Accuride EMI, LLC, a Delaware limited liability company (N/A); Accuride Erie L.P., a Delaware limited partnership (4862); Accuride Henderson Limited Liability Company, a Delaware limited liability company (8596); AKW General Partner L.L.C., a Delaware limited liability company (4861); AOT Inc., a Delaware corporation (3088); Bostrom Holdings, Inc., a Delaware corporation (9282); Bostrom Seating, Inc., a Delaware corporation (7179); Bostrom Specialty Seating, Inc., a Delaware corporation (4182); Brillion Iron Works, Inc., a Delaware corporation (6942); Erie Land Holding, Inc., a Delaware corporation (8018); Fabco Automotive Corporation, a Delaware corporation (9802); Gunite Corporation, a Delaware corporation (9803); Imperial Group Holding Corp. -1, a Delaware corporation (4007); Imperial Group Holding Corp. -2, a Delaware corporation (4009); Imperial Group, L.P., a Delaware limited partnership (4012); JAII Management Company, a Delaware corporation (N/A); Transportation Technologies Industries, Inc., a Delaware corporation (2791); and Truck Components Inc., a Delaware corporation (5407). The mailing address for Accuride Corporation is 7140 Office Circle, Evansville, Indiana 47715.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Application and opportunity for objection having been given, with no objections or requests for hearing having been filed, or all objections having been overruled, as the case may be; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Application is GRANTED.

2. The Debtors shall be, and hereby are, authorized to retain and employ ZC as their restructuring consultants in connection with these Chapter 11 Cases and the Debtors' businesses generally, under a general retainer upon the terms and for the purposes set forth in the Application, the Engagement Letter, and Winn Declaration and attachments thereto, *nunc pro tunc* as of the Petition Date.

3. ZC shall be, and hereby is, authorized to perform the services enumerated in the Application, the Engagement Letter, and the Winn Declaration.

4. ZC shall be entitled to allowance of compensation and reimbursement of expenses, upon the filing and approval of interim and final applications pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and such other orders as this Court may direct. Notwithstanding anything to the contrary in the Engagement Letter, ZC shall not receive advance payments for services during the course of these Chapter 11 Cases.

5. Subject to ZC's compliance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules in applying for allowance of ZC's compensation and reimbursement of ZC's out-of-pocket expenses, and the approval of the compensation and reimbursement of expenses as met with appropriate legal standards, ZC's billing practices, billing rates, methods of charging expenses, and staffing approach, be, and hereby are approved as enumerated in the Application, the Engagement Letter, and the Winn Declaration, provided that such fee applications filed by

ZC shall be subject to review pursuant to the standards set forth in Sections 328, 330 and 331 of the Bankruptcy Code.

6. ZC shall be and hereby is authorized to apply its prepetition retainer to the first postpetition invoice for professional fees incurred under the Engagement Letter, after application of any outstanding prepetition fees and expenses, subject to further order of this Court.

7. The Debtors are authorized to indemnify and hold harmless ZC and its affiliates, their respective directors, officers, agents, employees and controlling persons, and each of their respective successors and assigns (collectively, the "**Indemnified Persons**"), pursuant to the terms and conditions set forth in the Engagement Letter, subject to the following conditions:

> (a) Subject to the provisions of subparagraphs (c) and (d) below, the Debtors are authorized to indemnify, and shall indemnify, ZC, in accordance with the Engagement Letter, for any claim arising from, related to or in connection with their performance of the services described in the Engagement Letter;
>
> (b) ZC shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution, or reimbursement therefore are approved by this Court;
>
> (c) Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify ZC, or provide contribution or reimbursement to ZC, to the extent that a claim or expense is either (i) judicially determined (the determination having become final) to have arisen from ZC's gross negligence or willful misconduct; (ii) for contractual dispute in which the Debtors allege the breach of ZC's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing, to be a claim or expense for which ZC should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order on the Application; and

(d) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 Cases, ZC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by the Order on this Application), including without limitation the advancement of defense costs, ZC must file an application before the Court, and the Debtors may not pay any such amounts to ZC before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by ZC for indemnification, contribution or reimbursement, and is not a provision limiting the duration of the Debtors' obligation to indemnify ZC.

8. To the extent that this Order is inconsistent with the Engagement Letter with respect to the terms and conditions of ZC's retention and employment by the Debtors in these Chapter 11 Cases, the terms of this Order shall govern.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10. The Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation of this Order.

Dated: November 2, 2009
Wilmington, Delaware

Brendan L. Shannon
United States Bankruptcy Judge