# United States Bankruptcy Court
For the District of Delaware

### In re Accuride Corporation , Case No. 09-13449

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).
Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Claims Recovery Group LLC
Name of Transferee

General Kinematics Corp
Name of Transferor

Name and Address where notices to transferee should be sent:

Claims Recovery Group LLC
92 Union Avenue
Cresskill, NJ 07626 Phone:

Phone: (201) 266-6988
Last Four Digits of Acct#:_____

Court Claim # (if known): 1

Amount of Claim:
Schedules:       $2,739.50
Proofs of Claim: $2,228.05
Date Claim Filed: 10/16/2009

Name and Address where Transferee payments should be sent (if different from above);
SAME AS ABOVE

Last Four Digits of Acct#:_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Allison R. Axenrod                     Date: Tuesday, January 05, 2010
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**Form 210B (10/06)**

# United States Bankruptcy Court
For the District of Delaware

In re Accuride Corporation , Case No. 09-13449

**NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY**

Claim No. 1 (if known) was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by thealleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of ClaimOther than for Security in the clerk's office of this court on January 5, 2010.

| Claims Recovery Group LLC | General Kinematics Corp |
|---|---|
| Name of Alleged Transferee | Name of Transferor |
| 92 Union Avenue, Cresskill, NJ 07626 | 5050 Ricket Rd ,Crystal Lake IL 60014 |
| Address of Alleged Transferee: | Address of Transferor: |

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.
Date:_____ _____

**CLERK OF THE COURT**

# CLAIM PURCHASE AGREEMENT

Assignment of Claim. General Kinematics Corp (hereinafter "Seller"), with a principal address of 5050 Ricket Rd , Crystal Lake , IL 60014 , for good and valuable consideration in the sum of XXXXXX (the "Purchase Price"), does hereby absolutely and unconditionally sell, convey, and transfer to Claims Recovery Group LLC, and any of its successors, assigns or designees (hereinafter "Purchaser"), all of Seller's right, title, benefit and interest in and to any and all of Seller's pre-petition claim or claims (the "Claim"), against Gunite Corporation or any of its co-debtor subsidiaries or affiliates (collectively, the "Debtor"), in bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No. 09-13449 (the "Case"); and includes any Proof of Claim (defined below), along with voting and any other rights and benefits which may now exist, or come into existence, in regards to the Claim, all cash, securities, instruments and other property, to be paid or issued by Debtor or any other party, directly or indirectly, in connection with and/or in satisfaction of the Claim, including, without limitation, "cure" amounts related to the assumption of an executory contract and any rights to receive all payments in respect thereof, and all rights to receive interest, penalties, fees, and any damages from any cause of action, litigation or rights of any nature against Debtor, its affiliates, any guarantor or other third party, which may be paid or issued with respect to and/or in satisfaction of the Claim (the "Recovery"). This Claim Purchase Agreement (the "Agreement") shall be deemed an unconditional purchase of the Claim for the purpose of collection and shall not be deemed to create a security interest. Seller represents the Claim is in an aggregate amount not less than $2,739.50 (the "Claim Amount").

Proof of Claim. Seller represents and warrants that (check one):
(i) ___ a proof of claim in the amount of $ _____ (the "Proof of Claim Amount"), a copy of which is annexed hereto, has been duly and timely filed in the Case; or
(ii) ___ no proof of claim has been filed.

The term "Proof of Claim" shall include: (a) any and all multiple Proofs of Claim filed by or on behalf of Seller in respect of the Claim, and (b) any and all of Seller's documentation supporting the Claim. The parties agree that if the Proof of Claim amount differs from the Claim Amount set forth above, Purchaser shall nevertheless be deemed the owner of the Proof of Claim, subject to the terms of this Agreement, and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court. The Parties further agree that, if the Proof of Claim Amount is less than the Claim Amount, the Purchase Price shall be proportionately reduced as set forth below.

Representations; Warranties and Covenants. Seller represents, warrants and covenants that, (a) Seller owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, including, without limitation, pursuant to any factoring agreement, and upon the sale of the Claim to Purchaser, Purchaser will receive good title to the Claim; (b) Seller has not previously sold, assigned, transferred, or pledged the Claim, in whole or in part, to any third party and neither Seller, nor any other third party, has received any payment or other distribution, in full or partial satisfaction of, or in connection with, the Claim; (c) the basis for the Claim is amounts validly due from and owing by the Debtor; (d) the Claim is a valid, undisputed, liquidated, enforceable, and non-contingent claim against the Debtor for which the Debtor has no defenses and no objection to the Claim has been filed, listed on the Debtor's schedule of liability or any amendment thereto (collectively, the "Schedules"), or threatened; (e) Seller has not engaged in any acts, conduct or omissions that might result in Purchaser receiving, in respect of the Claim, less payments or distributions or any less favorable treatment than other similarly situated creditors; (f) Debtor, or any other third party, has no basis to assert the Claim is subject to any defense, claim or right of setoff, reduction, impairment, disallowance, subordination or avoidance, including preference actions, whether on contractual, legal or equitable grounds; (g) Seller is not "insolvent" within the meaning of Section 1-201 (23) of the Uniform Commercial Code or Section 101 (32) of the Bankruptcy Code; and (h) Seller is not an "insider" of the Debtor, as set forth in § 101(31) of the Bankruptcy Code, or a member of any official or unofficial committee in connection with the Case. Seller acknowledges and unconditionally agrees any misrepresentation or breach by Seller may cause Purchaser irreparable harm and accordingly, Purchaser shall be entitled to all available remedies for any such misrepresentation, breach or threatened breach, including but not limited to the immediate recovery of money damages ("Restitution") including, without limitation, a "Restitution Payment", as further defined below plus reasonable attorneys fees and costs.

Seller is aware that the Purchase Price may differ from the amount ultimately distributed in the Case with respect to the Claim. Seller acknowledges that, except as set forth herein, neither Purchaser nor any agent or representative of Purchaser has made any representation whatsoever to Seller regarding the status of the Case, the condition of Debtor or any other matter relating to the Case, the Debtor or the Claim. Seller represents that it has adequate information concerning the Case to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Purchaser, and based on such information as it has deemed appropriate, made its own analysis and decision to enter into this Agreement.

Execution of Agreement. This Agreement shall become effective and valid when (a) Seller executes this Agreement and it is received by Purchaser and (b) the Agreement is executed by an authorized representative of Purchaser.

Consent and Waiver. Seller hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives its right to raise any objections thereto pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure.

Claim or Recovery Impaired or Allowed for an Amount Less than Claim Amount. To the extent that the Claim is disallowed, subordinated, objected to, offset, the subject of a preference demand or otherwise impaired for any reason whatsoever in whole or in part, including, without limitation, due to a breach of this Agreement, and/or (ii) the Claim is not listed on the Schedules, or listed on the Schedules as unliquidated, contingent or disputed, or listed on the Schedules in a lesser amount than the Claim Amount, Seller agrees to make to Purchaser immediate proportional Restitution and repayment of the Purchase Price (the "Restitution Payment"), together with interest at the rate of ten percent (10%) per annum on the amount repaid for the period from the date of this Agreement through the date such repayment is made. Seller further agrees to reimburse Purchaser for all costs, and expenses, including reasonable legal fees and costs, incurred by Purchaser as a result of such disallowance. For clarity purposes, this paragraph pertains only to the validity of the Claim and not the Recovery.

Notices (including Voting Ballots) Received by Seller; Further Cooperation. Seller agrees to immediately forward to Purchaser any and all notices received from Debtor, the Court or any third party regarding the Claim and to take such other action, with respect to the Claim, as Purchaser may request from time to time. More specifically, Seller shall take such further action as may be necessary or desirable to effect the transfer of the Claim and to direct

---

[1] To the extent that Seller is agreeing to transfer more than one claim pursuant to this Agreement, the amounts of each claim as listed in the Debtors' Schedules are provided in an attachment hereto.

any payments or distributions, or any form of Recovery on account of the Claim, to Purchaser, including the execution of appropriate voting ballots, transfer powers and consents at Purchaser's sole discretion.

Recovery Received/Delayed by Seller. In the event Seller by its' actions or omissions (including not forwarding proper notices as stated above), (i) receives any distribution of the Recovery, or any portion thereof, made payable on or after the date of Seller's execution of this Agreement; or (ii) delays or impairs Purchaser's right to Recovery for any reason (each (i) and (ii) a "Delayed Recovery Event"), then Seller agrees to (a) accept any Recovery the same as Purchaser's agent and to hold the same in trust on behalf of and for the sole benefit of Purchaser and shall promptly deliver the same forthwith to Purchaser in the same form received, or in a form reasonably requested by Purchaser, free of any withholding, set-off, claim or deduction of any kind and/or (b) settle or cure the reason for the Delayed Recovery Event (each (a) and (b) a "Settlement") within ten (10) business days of the Delayed Recovery Event (the "Settlement Date"). Seller shall pay Purchaser interest, calculated at the rate of ten (10%) percent per annum, of any amount or portion of Recovery that incurs a Delayed Recovery Event, for each day after the Settlement Date until such Recovery is received by Purchaser.

Authorizations. Seller irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all amounts as now are, or may hereafter become, due and payable on account of the Claim. Seller grants Purchaser full authority to do all things necessary to enforce the Claim and its rights thereunder. Seller agrees that the powers granted in this paragraph are discretionary in nature and that Purchaser may exercise or decline to exercise such powers at Purchaser's sole option. Purchaser shall have no obligation to prove or defend the Claim.

Indemnification. Seller agrees to indemnify Purchaser from (a) all losses, damages and liabilities, including reasonable attorneys fees and expenses, which result from Seller's breach of any representation, warranty or covenant set forth herein, (b) any action, proceedings, objection or investigation relating to any attempt or threatened attempt to avoid, disallow, reduce, subordinate or otherwise impair the Claim or otherwise delay payments or distributions in respect of the Claim, and/or (c) litigation arising out of or in connection with the enforcement of this Agreement.

Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Agreement may be brought in any State or Federal court located in the State of New York, and Seller consents to and confers personal jurisdiction over Seller by such court or courts and agrees that service of process may be upon Seller by mailing a copy of said process to Seller at the address set forth in this Agreement, and in any action hereunder the Seller and Purchaser each waive the right to demand a trial by jury.

Miscellaneous. Seller agrees that the terms of this Agreement are confidential and may not be disclosed without Purchaser's prior written consent. Purchaser shall have the right to all remedies including specific performance and other injunctive and equitable relief without a showing of irreparable harm or injury and without posting a bond for any breach of this Agreement. Each party expressly acknowledges and agrees that it is not relying upon any representations, promises, or statements, except to the extent that the same are expressly set forth in this Agreement, and that each party has the full authority to enter into this Agreement and that the individuals whose signatures appear below hereby expressly represent that they have the authority to bind the party for which they sign this Agreement. The parties hereby mutually agree and stipulate that this Agreement is the result of negotiations between the parties and the terms hereof are jointly negotiated terms. Accordingly, any rules of interpretation, construction or resolving ambiguity against the drafter that otherwise apply, shall not apply hereto. This Agreement (i) may not be modified, waived, changed or discharged, in whole or in part, except by an agreement in writing signed by the parties; (ii) constitutes the entire agreement and understanding between the parties hereto with respect to the subject matter hereof and (iii) supersedes all prior agreements, understandings and representations pertaining to the subject matter hereof, whether oral or written. Seller hereby acknowledges that Purchaser may at any time resell the Claim, or any portion thereof, together with all right title and interest received by Purchaser in and to this Agreement. Seller shall not assign or otherwise transfer its rights or obligations under this Agreement without the prior written consent of Purchaser. This Agreement shall be binding upon any prospective successor of Seller (whether by operation of law, merger or otherwise) or on any purchaser of all or substantially all of Seller's assets ("Transfer"). In connection with any such Transfer, the purchaser, successor or assignee of Seller shall be bound by the terms and conditions of this Agreement. All representations and warranties made herein shall survive the execution and delivery of this Agreement and any Transfer. This Agreement may be signed in counterparts and by telecopy, or other commonly acceptable form of electronic transmission, each of which shall be deemed an original and all of which taken together shall constitute the Agreement. Failure or delay on the part of Purchaser to exercise any right, power or privilege hereunder shall not operate as a waiver thereof.

IN WITNESS WHEREOF, the undersigned Seller hereunto sets its hand  12/29/2009
ATTEST:

By: /s/ Tom Musschoot
      Signature                                      Telephone #

      Tom Musschoot / Corp Secret
      Print Name/Title                   Fax #                              Email
      General Kinematics Corp

IN WITNESS WHEREOF, the undersigned Purchaser hereunto sets its hand  January 05, 2010
ATTEST:

By: /s/ Robert Axenrod
      Robert Axenrod
      Claims Recovery Group LLC