IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ACCURIDE CORPORATION, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-13449 (BLS)<br>(Jointly Administered)<br><br>Objection Deadline: May 27, 2010 at 4:00 p.m. (Eastern)<br>Hearing Date: June 3, 2010 at 1:30 p.m. (Eastern) |

**FINAL FEE APPLICATION OF MORRIS-ANDERSON & ASSOCIATES, LTD,
FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 23, 2009
THROUGH APRIL 27, 2010**

| | |
|---|---|
| Name of Applicant: | MORRIS-ANDERSON & ASSOCIATES, LTD. |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | December 1, 2009 *nunc pro tunc* to October 23, 2009 |
| Period for which compensation and reimbursement is sought: | October 23, 2009 Through April 27, 2010 |
| Amount of Compensation sought as actual, reasonable and necessary: | $490,745.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $12,628.66 |
| This is a: | Final Fee Application |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Accuride Corporation, a Delaware corporation (9077); Accuride Cuyahoga Falls, Inc., a Delaware corporation (9556); Accuride Distributing, LLC, a Delaware limited liability company (3124); Accuride EMI, LLC, a Delaware limited liability company (N/A); Accuride Erie L.P., a Delaware limited partnership (4862); Accuride Henderson Limited Liability Company, a Delaware limited liability company (8596); AKW General Partner L.L.C., a Delaware limited liability company (4861); AOT Inc., a Delaware corporation (3088); Bostrom Holdings, Inc., a Delaware corporation (9282); Bostrom Seating, Inc., a Delaware corporation (7179); Bostrom Specialty Seating, Inc., a Delaware corporation (4182); Brillion Iron Works, Inc., a Delaware corporation (6942); Erie Land Holding, Inc., a Delaware corporation (8018); Fabco Automotive Corporation, a Delaware corporation (9802); Gunite Corporation, a Delaware corporation (9803); Imperial Group Holding Corp. -1, a Delaware corporation (4007); Imperial Group Holding Corp. -2, a Delaware corporation (4009); Imperial Group, L.P., a Delaware limited partnership (4012); JAII Management Company, a Delaware corporation (N/A); Transportation Technologies Industries, Inc., a Delaware corporation (2791); and Truck Components Inc., a Delaware corporation (5407).

## Summary of Fee Applications Filed

| Date Filed & Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| First Monthly<br>December 7, 2009<br><br>D.I. 479 | October 23, 2009 through October 31, 2009 | $86,620.00 | $5,792.10 | $86,620.00 | $5,792.10 |
| Second Monthly<br>January 7, 2010<br><br>D.I. 522 | November 1, 2009 through November 30, 2009 | $176,775.00 | $6,048.46 | $176,775.00 | $6,048.46 |
| Third Monthly<br>January 15, 2010<br><br>D.I. 573 | December 1, 2009 through December 31, 2009 | $86,462.50 | $36.90 | $86,462.50 | $36.90 |
| **First Interim**<br>**February 12, 2010**<br><br>**D.I. 805** | **October 23, 2009 through December 31, 2009** | **$349,857.50** | **$11,877.46** | **$349,857.50** | **$11,877.46** |

## MAA'S SUMMARY OF PROFESSIONALS RENDERING SERVICES
## FROM OCTOBER 23, 2009 THROUGH APRIL 27, 2010

| PROFESSIONAL | TITLE | HOURS | RATE PER HOUR | TOTAL |
|---|---|---|---|---|
| Aversa, Domenic | Principal | 4.6 | $ 500 | $ 2,300.00 |
| Dryer, Joel | Managing Director | 507.7 | $ 500 | $ 253,850.00 |
| Bidanset, Edward J. | Consultant | 170.2 | $ 400 | $ 68,060.00 |
| Caprio, Paulina | Consultant | 140.9 | $ 400 | $ 56,360.00 |
| Iammartino, Mark | Consultant | 293.8 | $ 375 | $ 110,175.00 |
| Total | | 1,117.2 | | $ 490,745.00 |

Average Bill Rate: $ 439.28

## COMPENSATION BY PROJECT CATEGORY

| CATEGORY | HOURS | TOTAL |
| --- | --- | --- |
| Chapter 11 Case Administration | 177.8 | $ 78,170.00 |
| Structure | 27.6 | 12,272.50 |
| Operations and Forecasts | 277.5 | 119,135.00 |
| Vendors / Materials Management | 24.3 | 10,737.50 |
| Interrelated Entities | 12.0 | 5,250.00 |
| Unsecured Creditors Committee | 167.8 | 73,295.00 |
| Sale of Company / Conversion of Equity / Value / Assets | 357.0 | 162,247.50 |
| Firm Retention and Fees | 50.5 | 20,382.50 |
| Travel (at 50% of actual time incurred) | 22.7 | 9,255.00 |
| Total | 1,117.2 | $ 490,745.00 |

## EXPENSE SUMMARY

| CATEGORY | SERVICE PROVIDER | TOTAL |
| --- | --- | --- |
| Airfare | | $ 7,106.79 |
| Lodging | | 2,871.00 |
| Meals | | 803.43 |
| Parking/Tolls | | 83.20 |
| Telephone | | 6.95 |
| Cab/Limo/Rental Car | | 841.74 |
| Miscellaneous | | 915.55 |
| Total | | $ 12,628.66 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ACCURIDE CORPORATION, *et al.*,[1] | Case No. 09-13449 (BLS)<br>(Jointly Administered) |
| Debtors. | Objection Deadline: May 27, 2010 at 4:00 p.m. (Eastern)<br>Hearing Date: June 3, 2010 at 1:30 p.m. (Eastern) |

**FINAL FEE APPLICATION OF MORRIS-ANDERSON & ASSOCIATES, LTD.,
FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 23, 2009
THROUGH APRIL 27, 2010**

Morris-Anderson & Associates, Ltd. ("MAA" or the "Applicant") hereby submits this Final Fee Application of MAA, Financial Advisor to the Official Committee of Unsecured Creditors (the "Committee"), for Compensation for Services Rendered and Reimbursement of Expenses for the Period October 23, 2009 Through April 27, 2010 (the "Application") pursuant to sections 327, 328, 329, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Accuride Corporation, a Delaware corporation (9077); Accuride Cuyahoga Falls, Inc., a Delaware corporation (9556); Accuride Distributing, LLC, a Delaware limited liability company (3124); Accuride EMI, LLC, a Delaware limited liability company (N/A); Accuride Erie L.P., a Delaware limited partnership (4862); Accuride Henderson Limited Liability Company, a Delaware limited liability company (8596); AKW General Partner L.L.C., a Delaware limited liability company (4861); AOT Inc., a Delaware corporation (3088); Bostrom Holdings, Inc., a Delaware corporation (9282); Bostrom Seating, Inc., a Delaware corporation (7179); Bostrom Specialty Seating, Inc., a Delaware corporation (4182); Brillion Iron Works, Inc., a Delaware corporation (6942); Erie Land Holding, Inc., a Delaware corporation (8018); Fabco Automotive Corporation, a Delaware corporation (9802); Gunite Corporation, a Delaware corporation (9803); Imperial Group Holding Corp. -1, a Delaware corporation (4007); Imperial Group Holding Corp. -2, a Delaware corporation (4009); Imperial Group, L.P., a Delaware limited partnership (4012); JAII Management Company, a Delaware corporation (N/A); Transportation Technologies Industries, Inc., a Delaware corporation (2791); and Truck Components Inc., a Delaware corporation (5407).

Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals (D.I. 170) (the "Administrative Order"), and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses promulgated by the Executive Office of the United States Trustees pursuant to 28 U.S.C. § 586(a)(3)(A). By this Application, MAA, as financial advisor to the Committee in these proceedings, seeks final allowance and payment of compensation for professional services performed and expenses incurred during the period commencing October 23, 2009 through April 27, 2010 (the "Compensation Period"). In support hereof, MAA respectfully represents the following:

## I. FACTUAL BACKGROUND

1. On October 8, 2009 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. An official committee of unsecured creditors (the "Committee") was appointed in these cases on October 21, 2009. No trustee or examiner has been appointed in these cases.

3. On December 1, 2009, this Court approved the Committee's retention of MAA as its financial advisor *nunc pro tunc* to October 23, 2009. A copy of the Order Authorizing the Employment and Retention of Morris-Anderson & Associates, Ltd. as Financial Advisor to the Official Committee of Unsecured Creditors *Nunc Pro Tunc* to October 23, 2009 (D.I. 304) ("Retention Order") is attached as Exhibit A.

4. On December 21, 2009, the Debtors filed the Third Amended Joint Plan of Reorganization for Accuride Corporation, *et al.* (the "Plan"). (D.I. 448).

5. On February 18, 2010, the Bankruptcy Court entered the Order Confirming Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Confirmation Order"). (D.I. 856).

6. On February 26, 2010, the Debtors' Plan became effective.

## II. COMPENSATION AND REIMBURSEMENT OF EXPENSES

7. MAA submits this Application to the Bankruptcy Court for final allowance of reasonable compensation for actual and necessary professional services and for final reimbursement of actual and necessary out-of-pocket expenses incurred in representing the Committee as its financial advisor. All included services and costs for which MAA seeks compensation were or will be performed for, or on behalf of, the Committee.

8. By this Application, MAA thus seeks final allowance of compensation in the amount of $490,745.00 for professional services rendered, and final reimbursement in the amount of $12,628.66 for expenses incurred and disbursed.

9. For the Bankruptcy Court's review, a summary containing the names of each MAA professional rendering services to the Debtors, their customary billing rates, the time expended or estimated to be expended by each professional, and the total value of time incurred by each professional are attached as Exhibit B.

10. Exhibit C contains a breakdown of expenses incurred and disbursed or to be incurred and disbursed by MAA. MAA has incurred or will incur out-of-pocket disbursements in the amount of $12,628.66. This disbursement sum is broken down into categories of charges, including, *inter alia*, telephone charges, special or hand delivery charges, express mail charges, meal charges, travel expenses, documentation charges, postal service charges, in-house and outside photocopying charges. MAA also uses outside duplication services for large photocopy work.

### III. ANALYSIS AND NARRATIVE DESCRIPTION OF SERVICES RENDERED AND TIME EXPENDED

11. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that bankruptcy courts may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional employed by any such person." 11 U.S.C. § 330(a)(1)(A). The Applicant requesting compensation from the bankruptcy estate bear the burden of demonstrating to the Bankruptcy Court that the services performed and fees incurred were reasonable.

12. In determining the amount of reasonable compensation to be awarded, the Court shall consider, pursuant to 11 U.S.C. § 330(a)(3), the nature, extent, and the value of such services, taking into account all relevant factors, including: (A) the time expended on such services, (B) the billing rates for such services, (C) whether such services were beneficial or necessary to the administration of the estate, (D) the complexity of the case or the nature of the task handled by the professional, (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field, and (F) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cased in under this title. See 11 U.S.C. §330(a)(3)(A)-(F).

13. To date, MAA filed three (3) monthly fee applications for the period October 23, 2009 through December 31, 2009 and one (1) interim fee application for the period October 23, 2009 through December 31, 2009 (collectively, "Fee Applications Filed to Date"). The Fee Applications Filed to Date have requested reimbursement of compensation for professional services rendered in the total amount of $349,857.50 and reimbursement expenses in the total amount of $11,877.46.

14. Narrative descriptions of the services rendered for or on behalf of the Committee and the time expended are set forth in each of the previous monthly fee applications. Accordingly, this Application incorporates by reference all Fee Applications Filed to Date. MAA now seeks final approval of all fees and expenses previously requested in the Fee Applications Filed to Date.

15. In addition, MAA also has rendered additional professional services since January 1, 2010 (the "Final Monthly Period") in the amount of $140,887.50 and has incurred out-of-pocket disbursements in the amount of $751.20. These professional services and disbursements are not included in the Fee Applications Filed to Date. A copy of MAA's fee and expense statements for the Final Monthly Period are attached as Exhibit D and Exhibit E respectively.

16. As with the Fee Applications Filed to Date, MAA sets forth a brief narrative description of the services rendered during the Final Monthly Period on behalf of the Committee and the time expended, organized by project task categories, as follows:

A. **Case Administration/Miscellaneous Matters (Code 1)**

Fees: $18,000.00          Total Hours: 37.6

This category includes all matters related to case details, including interaction with those other than the Committee including: debtors, lenders, equity sponsors and their respective advisors and including US Trustee needs/inquiries; review and analysis of filings and schedules in preparation for interaction with the Committee

B.  **Structure (Code 2)**

    Fees: $375.00        Total Hours: 1.0

This category includes issues of organization, shareholders, compensation issues including executive management salaries, bonuses, options, warrants, puts/calls and pension, insurance and tax claims pending, encumbrances on operations related to union issues, post-bankruptcy structure, ownership and interested parties and agreements.

C.  **Operations and Forecasts (Code 3)**

    Fees: $10,745.00        Total Hours: 24.2

This category includes all facets of debtor's financial condition, sales forecasts and backlog, 13 week cash flows, functioning of the DIP, cash management, treasury function, leases, transportation, flows and uses of funds, controls and operations, variance analysis, and accounts receivable performance including setoffs.

D.  **Vendors and Materials Management (Code 4)**

    Fees: $700.00        Total Hours: 1.5

This category includes analysis of critical vendor functioning, cash management, other vendor issues related to both critical and non-critical vendors, 503(b)(9) claims, preference payments and other matters relating to contracts, supply agreements, and on-going details of debtor interactions with vendors.

E.  **Interrelated Entities (Code 5)**

    Fees: $0.00        Total Hours: 0.0

This category includes the review and analysis of various operating entities, manufacturing facilities, asset and expense allocations, transfer pricing, manufacturing output

logistics and changes thereof, throughput and manufacturing issues in Canada, U.S. and Mexico.

F.   **Unsecured Creditors Committee (Code 6)**

Fees: $19,210.00          Total Hours: 43.7

This category includes meetings and interaction within MAA, Committee members, Committee counsel, preparation for meetings, coordination of reports, presentations and recommendations.

G.   **Sale of Company/Conversion of Equity/Value/Assets (Code 7)**

Fees: $86,420.00          Total Hours: 192.2

This category includes assessing any plan for reasonableness and value, including due diligence, benchmarking, issues of value relating to assets both tangible and intangible, and issues relating to liquidation analysis, analysis on reorganization structure, feasibility and maximization of value, and analysis of financing structure.

H.   **Firm Retention and Fees (Code 8)**

Fees: $5,437.50           Total Hours:  14.0

This category includes preparation of data for accounting and administration thereof.

### IV.   REQUEST FOR FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

17.   MAA charged and now requests those fees that are customary and charged by most financial advisors in this marketplace for similar Chapter 11 cases. Billing rates set forth in MAA's Summary of Professionals Rendering Services since October 23, 2009 represent customary rates routinely billed to the firm's many clients. (See Exhibit B). Moreover, MAA

stated in the Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment of Morris-Anderson & Associates, Ltd. as Financial Advisor, *Nunc Pro Tunc* to October 23, 2009 ("Retention Application"; D.I. 201) and the accompanying Declaration of Joel S. Dryer in Support of the Retention Application that it would be compensated on an hourly basis, plus reimbursement of actual, reasonable and necessary out-of-pocket expenses incurred by the firm. Here, the compensation requested does not exceed the reasonable value of the services rendered. MAA's standard hourly rates for work of this nature are set at a level designed to fairly compensate MAA for the work of its professionals and to cover fixed and routine overhead expenses.

18. In addition, MAA respectfully submits that the compensation requested for services rendered by MAA as to the Committee is fully justified and reasonable based on the following: (i) the degree of activity during the Compensation Period and the high level of services rendered by MAA to the Committee; (ii) the complexity of the issues presented; (iii) the skill necessary to perform the professional services properly; (iv) the preclusion of other employment; (v) customary fees charged in non-bankruptcy situations for similar services rendered; (vi) time constraints required by the exigencies of these cases and (vii) the experience, reputation and ability of the professionals rendering services.

19. MAA believes that the Application and the description of services set forth herein for work performed or estimated to be performed are in compliance with the requirements of Del.Bankr.L.R.2016-2, the Administrative Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustees. A true and correct copy of the Verification of Joel S. Dryer is attached hereto as Exhibit F.

WHEREFORE, MAA respectfully requests final allowance of compensation for professional services rendered during the Compensation Period in the amount of $490,745.00 and final reimbursement of expenses in the amount of $12,628.66 and final payment according to the procedures set forth in the Administrative Order.

Dated: April 27, 2010  
        Chicago, Illinois

MORRIS-ANDERSON & ASSOCIATES, LTD.

By: /s/ Joel S. Dryer  
Joel Dryer  
55 West Monroe Street  
Chicago, IL 60603  
Telephone: (312) 254-0880

Financial Advisor to the  
Official Committee of Unsecured Creditors